**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| DIANA G. KERWIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-05-1202-M |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| COMMISSIONER OF THE SOCIAL ) | |
| SECURITY ADMINISTRATION, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

On August 8, 2007, the United States Court of Appeals for the Tenth Circuit entered an order and judgment reversing defendant's decision denying disability benefits and ordering the case be remanded for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). On October 4, 2007, this Court entered an Order and Judgment consistent with the mandate of the Tenth Circuit. Based on same, on November 5, 2007, plaintiff filed an Application for Award of Attorney's Fees under the Equal Access to Justice Act. On November 15, 2007, defendant filed his response, and on November 21, 2007, plaintiff filed her reply.

Under the Equal Access to Justice Act ("EAJA"), the prevailing party in an action brought by or against the United States is entitled to fees, other expenses, and costs "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). It is the government's burden to show that its position was substantially justified. *Hadden v. Bowen*, 851 F.2d 1266, 1267 (10th Cir. 1988). "To do so, the government must prove that its case had a reasonable basis in law and in fact." *Id.* Further, the United States Supreme Court has defined "substantially justified" as "'justified in

substance or in the main' – that is, justified to a degree that could satisfy a reasonable person."

*Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

> In determining whether the government's position was reasonable, the trial judge must make a separate review of the government's position to determine whether it was substantially justified. The term "position" includes the government's position both in the underlying agency action and during any subsequent litigation. The government's success or failure on the merits at each level may be evidence of whether its position was substantially justified, but that success or failure alone is not determinative of the issue.

*Hadden*, 851 F.2d. at 1267 (internal citations omitted).

In his response, defendant asserts that the government's position was substantially justified. Specifically, defendant contends that the instant case involves a genuine dispute and that reasonable minds could differ such that this Court should deny plaintiff's EAJA application. Further, defendant contends that the fact that this Court initially affirmed the Administrative Law Judge's ("ALJ") decision, by itself, shows that reasonable minds could differ on the subject of plaintiff's disability and the defensability of defendant's decision.

Having carefully reviewed the parties' submissions, the Tenth Circuit's Order and Judgment, and the case file, the Court finds that defendant has not satisfied his burden of showing that the government's position in the underlying agency action – the ALJ's determination – was substantially justified. In its Order and Judgment, the Tenth Circuit found that the ALJ did not apply the correct legal standards. *See* Order and Judgment at 2 [docket no. 39]. Additionally, after referring to "basic precepts of social security law," the Tenth Circuit found that "the ALJ's determination is legally flawed." *See id.* at 6-7. The Court, further, finds that the record reveals no reasonable legal basis for the ALJ's failure to apply the correct legal standards. Finally, the Court finds that this Court's

affirmance of the ALJ's decision, standing alone, does not establish that his position was substantially justified. *See Hadden*, 851 F.2d at 1267.

Accordingly, because defendant has failed to show that his position was substantially justified, the Court finds that plaintiff is entitled to attorney fees under the EAJA. The Court further finds that the amount of attorney fees requested by plaintiff, $16,541.70, is reasonable.

The Court, therefore, GRANTS plaintiff's Application for Award of Attorney's Fees under the Equal Access to Justice Act [docket no. 41] and AWARDS plaintiff EAJA fees in the amount of $16,541.70, to be paid directly to plaintiff. If attorney's fees are also awarded under 42 U.S.C. § 406(b) of the Social Security Act, plaintiff's counsel shall refund the smaller award to plaintiff pursuant to *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

**IT IS SO ORDERED this 18th day of April, 2008.**

*[signature]*
VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE